UNITED STATES of America

v.

Matthew A. LAYTON, Appellant.

No. 09–2139.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit
L.A.R. 34.1(a) on Jan. 26, 2010.

Filed: Feb. 23, 2010.

Edmond Falgowski, Esq., Office of United States Attorney, Wilmington, DE, for Appellee.

Edson A. Bostic, Esq., Tieffa N. Harper, Esq., Eleni Kousoulis, Esq., Office of Federal Public Defender, Wilmington, DE, for Appellant.

Matthew A. Layton, Waymart, PA, pro se.

Before: RENDELL and JORDAN, Circuit Judges, and PADOVA, Senior District Judge.*

OPINION OF THE COURT

PADOVA, Senior District Judge.

Appellant Matthew A. Layton pled guilty to a charge of felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and was sentenced to 72 months' imprisonment. He subsequently filed a notice of appeal, and defense counsel moved to withdraw as appellate counsel, filing a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Appellant has exercised his right to file a *pro se* brief, which raises two issues, a challenge to the reasonableness of the sentence and an ineffectiveness of counsel claim. For the following reasons, we will grant de-

---

* Honorable John R. Padova, Senior Judge of the United States District Court for the East- ern District of Pennsylvania, sitting by designation.

fense counsel leave to withdraw and affirm the judgment of the District Court.

## I.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We exercise plenary review to determine whether there are any nonfrivolous issues on appeal. *Penson v. Ohio,* 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). The determination of frivolousness is informed by the standard of review for each potential claim raised. *See, e.g., United States v. Schuh,* 289 F.3d 968, 974–76 (7th Cir.2002).

## II.

As we write exclusively for the parties, who are familiar with the factual context and legal history of this case, we will set forth only select background facts. At approximately 1:00 a.m. on August 10, 2008, Appellant arrived, uninvited, at a community cook-out in Felton, Delaware. Appellant was drunk and belligerent, and was asked to leave. He and several party guests got into an argument, and Appellant stepped towards one of the guests, who pushed him away. Appellant removed from his belt line a loaded .45 caliber semi-automatic pistol and fired the gun three times into the air. An off-duty police officer rushed Appellant, choked him unconscious and took the gun. Appellant left the party when he regained consciousness, and he was arrested the next day.

On December 1, 2009, Appellant pled guilty to a one count indictment, charging him with the offense of felon in possession of a firearm. In the Presentence Report, Probation calculated that Appellant had a base offense level of 20 pursuant to U.S.S.G. § 2K2.1(a)(4)(A), because he had committed the instant offense subsequent to a felony conviction for a crime of violence, i.e., a conviction of aggravated menacing in 2006. Probation next applied a four-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(6), reasoning that Appellant possessed the firearm in connection with another felony offense, i.e., first degree reckless endangering. Probation also applied a three-level reduction for acceptance of responsibility, resulting in a total offense level of 21. Probation calculated Appellant's Criminal History category as III based on his prior criminal conduct. As a result, according to Probation, Appellant's advisory Sentencing Guideline range was 46–57 months.

At the sentencing hearing on April 8, 2009, Appellant objected to Probation's recommended four-level enhancement, and the Government agreed with Appellant that the enhancement was not warranted. The Court granted Appellant's objection, leaving Appellant with a total offense level of 17 instead of 21. The total offense level of 17, combined with Appellant's Criminal History Category of III, resulted in an advisory Sentencing Guideline range of 30 to 37 months. The Court, however, varied upwards upon consideration of the § 3553(a) factors, and imposed a sentence of 72 months of imprisonment. Among other things, the Court noted that Appellant came from a good family and yet, from age 12 to age 20, had repeated contacts with the criminal justice system, demonstrating an inability to comply with the rules of society. The Court further emphasized that Appellant's conduct in shooting a gun at a community party was very serious and stated that an above-guideline sentence was necessary to protect the public. Appellant timely filed this appeal.

## III.

Our role in analyzing an *Anders* brief is twofold. First, we determine whether the *Anders* brief is adequate on its face. *United States v. Youla,* 241 F.3d 296, 300 (3d Cir.2001). Second, we determine

whether an independent review of the record reveals any issues that are not frivolous. *Id.* An adequate *Anders* brief "satisf[ies] the court that counsel has thoroughly examined the record in search of appealable issues," and "explain[s] why the issues are frivolous." *Id.* (citing *United States v. Marvin,* 211 F.3d 778, 780 (3d Cir.2000)). "Counsel need not raise and reject every possible claim. However, at a minimum, he or she must meet the 'conscientious examination' standard set forth in *Anders.*" *Id.* (citing *Marvin,* 211 F.3d at 780). We find Counsel's *Anders* brief to be adequate on its face. Where, as here, an appellant has pled guilty, there are three general issues still open for appeal: (1) the district court's jurisdiction to enter the conviction and impose sentence; (2) the validity or voluntariness of Appellant's guilty plea; and (3) the legality of Appellant's sentence. *United States v. Broce,* 488 U.S. 563, 569, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989); 18 U.S.C. § 3742(a). Although Counsel addressed only the third of these three issues, we conclude that it was unnecessary to address the other two issues because they are patently frivolous.[1] *See Marvin,* 211 F.3d at 781.

With respect to the legality of Appellant's sentence, we agree with Counsel that any issues are frivolous because Appellant's sentence is both below the statutory maximum and reasonable. In his *pro se* brief, Appellant concedes that the District Court properly calculated the Guideline sentencing range and does not contend that his sentence exceeded any statutory maximum. He argues, however, that his sentence is substantively unreasonable because he did not place anyone in fear of imminent physical injury, comes from a good family background, has held full time jobs, and is less of a criminal than others in prison.

We " 'review the substantive reasonableness of the sentence under an abuse-of-discretion standard, regardless of whether it falls within the Guidelines range.' " *United States v. Sevilla,* 541 F.3d 226, 230 (3d Cir.2008) (quoting *United States v. Wise,* 515 F.3d 207, 218 (3d Cir.2008), and citing *Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007)). Ultimately, "[t]o determine whether a sentence is reasonable, the court must examine 'whether the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a).' " *United States v. Goff,* 501 F.3d 250, 254 (3d Cir.2007) (quoting *United States v. Grier,* 475 F.3d 556, 571 (3d Cir.2007) (en banc)) (additional citation omitted). We must affirm the sentence as long as it "falls within the broad range of possible sentences that can be considered reasonable in light of the § 3553(a) factors." *Wise,* 515 F.3d at 218 (citation omitted).

Here, it is plain that the District Court gave rational and meaningful consideration to the § 3553(a) factors, and arrived at a

---

1. The District Court clearly had jurisdiction over Appellant's crimes, because he was charged with violating 18 U.S.C. §§ 922(g)(1) and 924(a)(2), which are criminal offenses against the laws of the United States. *See* 18 U.S.C. § 3231. In addition, the record shows that the District Court thoroughly colloquied Appellant before accepting his plea, as required by Fed.R.Crim.P. 11(b) and *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The Court informed Appellant of the nature of the charges against him, the rights he forfeited by pleading guilty, the maximum penalties permitted for his offenses, the advisory nature of the Sentencing Guidelines, and the factual basis for his guilty plea. *See United States v. Schweitzer,* 454 F.3d 197, 202 (3d Cir.2006). Looking at the totality of the circumstances surrounding Appellant's plea, it is therefore plain that Appellant voluntarily and knowingly pled guilty and any claim to the contrary would be patently frivolous.

sentence that falls within the broad range of possible sentences that can be considered reasonable. While Appellant maintains that the Court did not properly weigh his family and employment history and the nature of the offense, the sentencing transcript makes clear that the Court carefully considered those factors along with the other § 3553(a) factors and clearly explained why he imposed an above-Guidelines sentence. (A52–A55.) Accordingly, Counsel correctly concluded that a challenge to the reasonableness of Appellant's sentence would be frivolous and Appellant's *pro se* arguments are meritless.

### IV.

In his *pro se* brief, Appellant raises one additional issue that was not addressed by Counsel in the *Anders* brief, i.e., that Counsel was ineffective for addressing his criminal history and substance abuse problems at sentencing. As a general matter, "Sixth Amendment claims of ineffective assistance of counsel should . . . be raised in a collateral proceeding pursuant to 28 U.S.C. § 2255 rather than on direct appeal." *United States v. Jake,* 281 F.3d 123, 132 n. 7 (3d Cir.2002) (citations omitted). "The rationale underlying this preferred policy is that oft-times such claims involve allegations and evidence that are either absent from or not readily apparent on the record." *United States v. Gambino,* 788 F.2d 938, 950 (3d Cir.1986). Accordingly, "[i]t has long been the practice of this court to defer the issue of ineffectiveness of trial counsel to a collateral attack. Nonetheless, we have held that we may address the claim of ineffective assistance of counsel on direct appeal when the record is sufficient to allow determination of the issue." *United States v. Thornton,* 327 F.3d 268, 271 (3d Cir.2003) (citations omitted).

Appellant, being pro se, does not explicitly argue that the exception to the ordinary practice of deferral applies in this case. However, the record is sufficient to allow determination of the issue he raises and, thus, we will reach the issue and conclude that the ineffectiveness claim is meritless.

In order to prove that counsel rendered ineffective assistance under the *Strickland* test, an appellant must establish that counsel's representation was below an objective standard of reasonableness, and that the substandard performance prejudiced the appellant. *Strickland v. Washington,* 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Appellant concedes that Counsel did a "fair job" of representing him at sentencing. However, he complains that Counsel commented too extensively regarding his criminal history and wrongfully attributed that criminal history to anger issues and substance abuse when, in his view, his current crime was simply the "act of a hot headed kid," who would have been adequately punished with a sentence of 37 months.

However, contrary to Appellant's suggestion, defense counsel did not unilaterally alert the Court to Appellant's criminal history; the Presentence Report had already exhaustively detailed Appellant's criminal past. Thus, it was certainly reasonable for Counsel to address Appellant's extensive history at sentencing and to attempt to explain that the prior criminal conduct was, at least in part, the result of anger management and substance abuse issues, which, according to Counsel, Appellant was actively addressing. Likewise, Counsel plainly discussed Appellant's prior probationary sentences not to highlight those sentences, but to point out that Appellant was largely compliant while on probation and, as such, had demonstrated that he has the ability to conform to societal rules.

While Appellant apparently disagrees with Counsel's strategy in this regard,

"[i]n evaluating counsel's performance, [the Court is] 'highly deferential' and 'indulge[s] a strong presumption' that, under the circumstances, counsel's challenged actions might be considered sound ... strategy." *Buehl v. Vaughn,* 166 F.3d 163, 169 (3d Cir.1999) (quoting *Strickland,* 466 U.S. at 689, 104 S.Ct. 2052). Indeed, "*Strickland* and its progeny make clear that counsel's strategic choices will not be second-guessed by post-hoc determinations that a different ... strategy would have fared better." *Rolan v. Vaughn,* 445 F.3d 671, 681–82 (3d Cir.2006) (citing *Strickland,* 466 U.S. at 689, 104 S.Ct. 2052).

In this case, Counsel's challenged conduct did not fall below an objective standard of reasonableness but, rather, was a reasonable strategy to attempt to minimize the potentially damaging effect of Appellant's 8–year failure to conform to societal rules. Accordingly, Appellant's ineffectiveness claim is meritless as he cannot satisfy the first prong of the *Strickland* test.

## V.

For the foregoing reasons, we conclude that Counsel has fulfilled his obligation under *Anders* and the Local Appellate Rules to provide an adequate no-merit brief, and our independent review of the record yields no nonfrivolous issues for appeal. In addition, Appellant's ineffectiveness claim is meritless.

In light of the foregoing, we will AFFIRM the Judgment and Commitment Order of the District Court and, in a separate order, grant Counsel's motion to withdraw.